A. J. CARTWRIGHT *vs.* T. W. EVERETT, Administrator of the Estate of E. Batchelor, and CATHERINE BATCHELOR.

EXCEPTIONS FROM DECISION OF BICKERTON, J., OVERRULING MOTION FOR A NEW TRIAL.

JANUARY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Previous to the enactment of "An Act relating to the property and rights of married women" (Laws of 1888, Chapter XI.), a power of attorney from a husband to a wife, authorizing her to mortgage his real estate, did not empower her to mortgage her own real estate.

The professional knowledge of an agent, such as a legal adviser, does not necessarily bind the principal after the relation of principal and agent is at an end.

OPINION OF THE COURT, BY DOLE, J.

This is an action of assumpsit upon a promissory note secured by a mortgage of real estate of Catherine Batchelor, the wife of E. Batchelor; both note and mortgage are signed "E. Batchelor by his attorney in fact Catherine Batchelor, Catherine Batchelor," and are dated 1st August, 1883.

The jury was waived, and the case tried by Mr. Justice Bickerton, who found for the defendants. The plaintiff excepted to the decision and moved for a new trial on the grounds: (1st) that the decision was contrary to the law and the evidence, and (2d) of newly-discovered evidence. The motion was overruled, and the plaintiff filed his bill of exceptions.

A power of attorney, dated 11th January, 1883, and recorded on the 22d January, 1883, is in evidence; it is executed by Edward Batchelor, and authorizes Catherine Batchelor, his wife, to take possession of and manage all of his real and personal estate in the Kingdom, and to mortgage and sell the real estate at her discretion, and execute and deliver necessary instruments

therefor and receive the consideration money. The power of attorney contains no allusion to the real estate belonging to Catherine Batchelor, and gives her no authority to deal with any such real estate.

There was some effort to show a verbal authority from E. Batchelor to his wife for the execution of the note, followed by a ratification of the instruments on his part; but the testimony was properly regarded as insufficient by the Court.

There being no authority in the power of attorney produced in evidence for the wife to mortgage her own real estate, the Court was clearly right in deciding that the note secured by such mortgage, and executed by the wife for herself and as the attorney in fact of her husband, was unauthorized by the power of attorney in question.

We therefore, on the first ground of the motion for a new trial, *i.e.*, that the decision of the Court was contrary to the law and the evidence, find no reason for granting a new trial.

Upon the second ground—that of newly-discovered evidence—we find from the affidavits filed in support of the motion, particularly the affidavit of Cecil Brown, that there were circumstances unknown to the plaintiff at the time of the trial which would have materially altered the character of the case before the Court if the plaintiff could have introduced testimony concerning them. Brown's statement in effect is, that he acted for plaintiff in loaning the money in question, and that the power of attorney on file is not the one under which Catherine Batchelor acted as attorney to execute the note and mortgage in question; that he examined and rejected it, and that there was a power of attorney under which Catherine Batchelor acted in executing the mortgage and note, from her husband, which was special for the purpose of the loan of $1000 to E. Batchelor on the mortgage of his wife's property and the execution of a note therefor.

The plaintiff's affidavit alleges that the information contained in Mr. Brown's affidavit is a surprise to him, and that he was ignorant thereof at the time of the trial and had no means of

discovering the same in time for production thereof at the hearing. In his testimony he says: "I have not given it (presumably his suit) as much thought as I should."

It is urged by defendants' counsel that Mr. Brown being the plaintiff's agent in the effecting of the loan, his knowledge is the knowledge of his principal, and consequently the plaintiff is not entitled to a new trial on the ground of newly-discovered evidence. It seems to us that this is not a proper application of the principle referred to. Mr. Brown's information was in the nature of a lawyer's professional opinion as to the legal character of written instruments, and the plaintiff could not be expected to know several years later that a power of attorney in his possession between the same parties, and for a similar object as the one referred to in Mr. Brown's affidavit, was not the one under which the mortgage and note were executed, especially as Mr. Brown was not his attorney in conducting the case. Under these circumstances the surprise of the plaintiff is not inconsistent with a reasonable degree of diligence.

Although it seems to us that there was enough in the evidence to have suggested to plaintiff's counsel the probability that they had the wrong power of attorney, and to have put them on the search for another; yet we feel that the benefit of the doubt as to the exercise of proper diligence may be given in favor of the plaintiff and a new trial ordered in order to promote the ends of justice; but on terms of payment of plaintiff's costs up to this date, such costs not to be recovered in any judgment that may be had.

*W. A. Whiting*, for plaintiff.

*W. A. Kinney*, for defendants.